IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK SWEENEY AND § | |
| JILL SWEENEY § | |
| § | |
| § | Civil Action No. 4:22-cv-00255 |
| V. § | |
| § | |
| NEWREZ, LLC F/K/A NEW PENN § | |
| FINANCIAL LLC D/B/A SHELLPOINT § | |
| MORTGAGE SERVICING § | |

### RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND MOTION TO WITHDRAW

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW, DAVID MEDEARIS, COUNSEL FOR PATRICK SWEENEY AND JILL SWEENEY**, Plaintiffs in this action, and files this Response to the Plaintiff's Motion for 28 U.S.C § 1927 Sanctions and Motion to Withdraw as counsel for Plaintiffs.

**Facts**

1) The undersigned counsel does not dispute the claims asserted in Paragraph 1 of the Plaintiff's Motion for Section 1927 Sanctions, which states that "Plaintiffs retained David Medearis in December 2021, paying a $2000 retainer." More specifically, Ms. Sweeney contacted the undersigned counsel at the firm where I previously worked on Wednesday, December 29, 2021. Ms. Sweeny asked me to help her stop the foreclosure of her house that was scheduled for the following Tuesday. I had no discussions with Mr. Sweeney until much later.

2) The undersigned counsel does not dispute the claims asserted in Paragraph 2 of the Plaintiff's Motion for Section 1927 Sanctions. More specifically, when Ms. Sweeney retained me

1

at my prior firm, Ms. Sweeney told me that she and her husband disputed the amount that the Defendant alleged to be due on their mortgage and that documents provided by the Defendants contained inconsistencies in this regard. Upon review the file, I found a technical defect in the Notice of Foreclosure. On this basis I drafted and filed the lawsuit on the same day that Ms. Sweeney provided a retainer; I filed suit in the Harris County District Court; I scheduled and obtained a temporary restraining order; paid a $100 bond; and then had the restraining order served, halting the foreclosure of her home.

3) The undersigned counsel does not dispute the claims asserted in Paragraph 3 of the Plaintiff's Motion for Section 1927 Sanctions, which notes that this case was removed to federal court on January 25, 2022.

4) The undersigned counsel does not dispute the claims asserted in Paragraph 4 of the Plaintiff's Motion for Section 1927 Sanctions, which notes that the undersigned counsel filed a Motion to Remand that was denied. By the time the Motion to Remand was filed, however, I had left my previous employer and started my own firm. I notified Ms. Sweeney of the change in my employment, and she elected to continue the arrangement through my new firm.

5) The undersigned counsel does not dispute the claims asserted in Paragraph 5 of the Plaintiff's Motion for Section 1927 Sanctions. The July 15, 2022 invoice referenced by the Plaintiffs was actually the third invoice sent to the Plaintiffs by Medearis Law Firm, PLLC. The Plaintiffs were sent an invoice for $900 on March 31, 2022, which related to the Motion to Remand and reply brief; and the Plaintiffs were sent an invoice on June 1, 2022 for $690, which related mostly to written discovery and research. Thus, the Plaintiffs have been billed a total of $2,790 by Medearis Law Firm, PLLC for work done on this case.

6) The undersigned counsel <u>does dispute</u> the claims asserted in Paragraph 6 of the

2

Plaintiff's Motion for Section 1927 Sanctions, which states that the last communication that the Plaintiffs had with me was an email on August 15, 2022. I have made numerous attempts to contact the Plaintiffs which were not returned, and the Plaintiff did not even attempt to contact me before filing their Motion for Sanctions. More recently the Plaintiffs have refused to speak with me but sent a text message stating that they wanted me to agree to their motion for sanctions.

7)   The undersigned counsel <u>does dispute</u> the claims asserted in Paragraph 7 of the Plaintiff's Motion for Section 1927 Sanctions. The undersigned counsel filed Plaintiff initial disclosures on October 10, 2022, before the Defendant had even made their initial disclosures. The undersigned counsel has also worked responding to discovery from the Defendants as well as serving the Defendants with Interrogatories and Requests for Production.

### No Basis for Sanctions

8)   The Plaintiff's Motion for Sanctions is entirely baseless. Far from taking actions to unnecessarily increase the cost of litigation, the undersigned counsel has provided the Plaintiffs with effective representation at a very low cost. Since February 25, 2022, the Plaintiffs have had their fee agreement with Medearis Law Firm, PLLC; they have paid attorney fees at the rate of $300 per hour, which is a fair, reasonable, and customary fee for an attorney licensed since 2003 with extensive experience in cases similar to this case. The total fees were only $2,940.00. These fees include work done to file and argue a motion to remand; correspond with opposing counsel regarding the case and scheduling order; conduct written discovery; make initial disclosures; and meet with Mr. Sweeny in person to review and evaluate various theories and strategies he had regarding the prosecution of this case and explain to him why I did not believe his various theories and strategies would be viable or advisable.

**Motion to Withdraw**

9) Since the Plaintiffs filed their Motion for Sanctions, the undersigned counsel has tried to contact them several times to try to resolve the complaints made by the Plaintiffs. Additionally, the Plaintiffs have expressed an interest in pursuing legal claims and strategies that I have advised against. Finally, the Plaintiffs have now refused to even speak with the undersigned counsel.

10) Plaintiffs' Counsel therefore asks the Court to Grant his Motion to Withdraw as the Plaintiffs' Counsel.

**PRAYER FOR RELIEF**

11) For the reasons stated herein, this Court should DENY the Plaintiffs' Motion for Sanctions and Grant the Motion to Withdraw by their counsel.

> Respectfully Submitted,
> */s/ David Medearis*
> David Medearis
> SBN# 24041465
> Fed ID 557586
> 1560 W Bay Area Blvd., Suite 304
> Friendswood, Texas 77546
> David@medearislaw.com
> 281-954-6270
> Direct 281-224-7481
> ATTORNEYS FOR PLAINTIFFS

**Certificate of Service**
I certify that this document was served in accordance with the Federal Rules of Civil Procedure on November 1, 2022, by the manner indicated upon the following person(s):

Via E-Service:
Justin K. Cho
jcho@settlepou.com

SETTLEPOU

4

3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)
ATTORNEYS FOR DEFENDANT, NEWREZ, LLC

Via E-Service:
Patrick and Jill Sweeney linkedinsween@gmail.com