United States District Court
Southern District of Texas
**ENTERED**
February 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK SWEENEY AND JILL SWEENEY, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | CIVIL ACTION NO. 4:22-CV-00255 |
| NEWREZ, LLC, F/K/A NEW PENN FINANCIAL LLC, D/B/A SHELLPOINT MORTGAGE SERVICING, | | |
| Defendant. | | |

## ORDER

Pending before the Court is Plaintiffs Patrick Sweeney and Jill Sweeney's ("Plaintiffs" or the "Sweeneys") Motion to Compel. (Doc. No. 23). Defendant NewRez, LLC, d/b/a Shellpoint Mortgage Servicing's ("Defendant" or "New Rez") filed a Response. (Doc. No. 26). Plaintiffs filed an "Answer to Defendant Response" (Doc. No. 28), and Defendant filed a Sur-Reply. (Doc. No. 29). The Court has carefully reviewed the pleadings, the record, and applicable law, and concludes that Plaintiffs' Motion will be **DENIED**.

### I.    Background

Plaintiffs allege that they "propounded interrogatories, admissions, and requests for production" to Defendant, and that Defendant's responses to those discovery requests were inadequate. (Doc. No. 23 at 2). Plaintiffs' main concern seems to be that some of Defendant's responses were "heavily redacted." (*Id.*). Plaintiffs point to certain invoices produced in response to its "amended request for documents," which Defendant redacted as attorney-client privileged, should nonetheless be produced without redactions because "communications made to an attorney for the purposes of furthering a crime…are not entitled to this privilege." (Doc. No. 23 at 2).

1

Plaintiffs move to compel more detailed discovery responses without redactions. Additionally, it appears that Plaintiffs also move to compel financial records that Plaintiffs believe Defendant is "improperly withholding." (Doc. No. 23 at 4). In response, Defendant contends that Plaintiffs "[did] not identify nor state the specific request(s) for production that they seek to compel" and did not attempt to confer with Defendant to resolve the underlying dispute without Court interference. (Doc. No. 26 at 2). In their Reply, Plaintiffs clarify that they are asking the Court to "order production of a contract for services, invoices, any correspondence regarding Plaintiffs originating from RAS Crane, LLC and proof of payment by Defendant to RAS Crane, LLC."[1]

Defendant notes that it asserted the attorney-client privilege in good faith in response to Plaintiffs' amended Requests for Production 2 and 4 because the Requests for Production "concern attorney-client invoices for Defendant's retained foreclosure counsel as it pertains to the mortgage loan and real property at issue." (Doc. No. 26 at 3). Moreover, Defendant notes that Plaintiffs' Original Petition[2] "asserts no cause of action which the documents or information sought by Plaintiffs Motion to Compel would otherwise support or a materially advance in any way." (*Id.*). Finally, in response to Plaintiffs' assertion of the crime-fraud exception to attorney-client privilege, Defendant argues that Plaintiffs' allegations are "conclusory" and are "without merit in law or fact." (*Id.* at 7).

---

[1] While it is not entirely clear from the briefings, RAS Crane LLC appears to the be a law firm retained by Shellpoint Mortgage Servicing in connection with the instant mortgage loan dispute.

[2] After deciding to proceed *pro se*, Plaintiffs filed an Amended Petition (Doc. No. 22) alleging that Defendants "produced documents revea [sic] specific violations of Chapter 18 U.S. Code § 1341, violations of the Fair Debt Collection Practices Act (hereafter FDCPA) and violations of the CARES Act (hereafter CARES Act)." The Court notes that Plaintiffs did not meet the requirements of Rule 15(a)(1) for amendment as a matter of course and failed to seek leave to file an amended complaint under Rule 15(a)(2). Accordingly, the Court strikes Plaintiffs' Amended Petition (Doc. No. 22). Plaintiffs' Original Petition remains the operative complaint.

## II. Legal Standard

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested. Fed. R. Civ. P. 37(a). The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). At the discovery stage, courts traditionally construe "relevance" broadly, stating that information is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.*

While district courts are customarily accorded wide discretion in handling discovery matters, a ruling that "fail[s] to adhere to the liberal spirit of the Rules" or that "results in fundamental unfairness at trial" will not be upheld. *Coughlin*, 946 F.2d at 1159.

## III. Analysis

The primary thrust of Plaintiffs' argument in their Motion to Compel is that the redacted invoices (and other financial records) should not be considered attorney-client privileged because "there is prima facie evidence that [Defendant] was in the process of committing a crime." (Doc. No. 23 at 4). In response, Defendant argues that Plaintiffs' "unsupported beliefs" that Defendant's actions under the mortgage loan instruments, including "its servicing and its issuing communications and notices to Plaintiffs and communications with its foreclosure counsel" cannot be prima facie proof of promoting a crime or fraud. (Doc. No. 26 at 7).

"Rule 501 of the Federal Rules of Evidence requires a federal court sitting in diversity to apply the appropriate state's law concerning the scope and application of the claimed attorney-client privilege." *Firefighters' Ret. Sys. v. Citco Group Ltd.*, No. CV 13-373-SDD-EWD, 2018 WL 305604 (M.D. La. Jan. 5, 2018). In the Fifth Circuit, a federal court sitting in diversity applies the

3

choice of law rules of the forum state when determining which state attorney-client privilege rules apply. *See Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 724, *opinion supplemented on denial of reh'g*, 628 F.2d 932 (5th Cir. 1980). This Court, sitting in diversity, will apply Texas attorney-client privilege rules.[3]

"The crime-fraud exception applies only if a prima facie case is made of contemplated fraud." *Granada Corp. v. Honorable First Court of Appeals*, 844 S.W.2d 223 (Tex. 1992). "The prima facie case requirement is met when the party asserting the exception offers evidence establishing the elements of fraud and establishing that the fraud was ongoing or about to be committed when the privileged communication occurred." *In re Tex. Health Res.*, 472 S.W.3d 895, 905 (Tex. App.—Dallas 2015, no pet.) (citation omitted). "Once a prima facie case of crime or fraud is established, the court must then find some valid relationship between the document in question and the prima facie crime or fraud." *Id.* (citing *Cigna Corp. v. Spears*, 838 S.W.2d 561, 569 (Tex.App.—San Antonio 1992, orig. proceeding).

The Court finds that Plaintiffs have not sufficiently established a prima facie case of contemplated fraud, nor have they established that the fraud was ongoing when the privileged communication occurred. Plaintiffs argue that financial documents and other communications between RAS Crane, LLC and Defendant demonstrate that Defendant "coerc[ed]" Plaintiffs "to accept the attempted fraud through a loan modification" and that Defendant attempted foreclosure on Plaintiffs' property to "destroy all evidence of fraud." (Doc. No. 28 at 3). Plaintiffs' allegations in their briefings are ultimately conclusory—they allege that a "mail fraud" occurred, but only point to alleged inconsistencies in the amount of the unpaid mortgage that RAS Crane, LLC

---

[3] In Texas, attorney-client privilege claims are "governed by the law of the state with the most significant relationship to the communication." *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 646 (Tex. 1995). Texas is the state with the most significant relationship to the communications at issue here, so Texas law applies.

4

claimed they owed. This is not sufficient to state a prima facie case that the crime-fraud exception applies based on a "scheme to defraud." Since Plaintiffs do not appear to dispute that the attorney-client privilege applies in the event the crime-fraud exception is inapplicable, the Court **DENIES** Plaintiffs' Motion to Compel.[4]

Signed at Houston, Texas, on this the 21st day of February, 2024.

Andrew S. Hanen
United States District Judge

---

[4] Moreover, based on Plaintiffs' operative complaint (Original Petition), it does not appear that the documents requested are relevant to their claims, which allege procedural defects in the attempted foreclosure sale.

5