Case 4:22-cv-00255   Document 34   Filed on 02/21/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK SWEENEY AND JILL SWEENEY, | § § § § | |
| Plaintiffs, VS. | § § § | CIVIL ACTION NO. 4:22-CV-00255 |
| NEWREZ, LLC, F/K/A NEW PENN FINANCIAL LLC, D/B/A SHELLPOINT MORTGAGE SERVICING, | § § § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Defendant NewRez, LLC, d/b/a Shellpoint Mortgage Servicing's ("Defendant" or "New Rez") Motion for Summary Judgment. (Doc. No. 25). Plaintiffs Patrick Sweeney and Jill Sweeney ("Plaintiffs" or the "Sweeneys") did not respond. The Court has carefully reviewed the pleadings, the record, and applicable law, and concludes that Defendant's Motion for Summary Judgment will be **GRANTED**. (Doc. No. 25).

### I. Background

The Sweeneys obtained a mortgage and purchased property located at 16010 Winchmore Hill, Spring, Texas, 77379 (the "Property"). (Doc. No. 1-5 at 1). On or about November 14, 2001, the Sweeneys executed a Note ("Note") in the amount of $164,000.00 originally payable to GMAC Mortgage Corporation and its successors and assigns ("MERS") in conjunction with a Deed of Trust granting a security interest in the Property. (Doc. No. 25 at 12). The Note and Deed of Trust, "including any related contractual documents thereto" are considered the "Loan." (*Id.*). Defendant claims that pursuant to the Loan, Plaintiffs were required to make 360 monthly installment

payments of principal and interest of $1,036.00.[1] (*Id.*). In 2013, Defendant contends that MERS assigned the Deed of Trust to Ditech Financial, LLC ("Ditech") (*Id.*). Plaintiffs allege that Ditech filed bankruptcy on February 11, 2019, and that after the Ditech bankruptcy, Defendant provided "significant variations in the alleged loan balance" and Plaintiffs began receiving conflicting information about their loan balance and current servicer. (Doc. No. 1-5 at 2). In December 2019, Ditech apparently assigned the loan to New Residential Mortgage, LLC. (Doc. No. 25 at 12).

Shellpoint Mortgage Servicing began servicing the Loan in 2019. In 2020, the Loan was assigned to Defendant—Defendant currently serves as both servicer and mortgagee of record for the Loan. (*Id.* at 12). According to Defendant, Plaintiffs stopped making payments on the Loan in or around October 2017. (*Id.*). Defendant claims that it made several attempts to "provide short-term relief" to the Sweeneys by offering temporary forbearance agreements (to no avail) in 2018. Apparently, in January 2018, Patrick Sweeney declared Chapter 13 Bankruptcy in the U.S. Bankruptcy Court for the Southern District of Texas. Court records attached to Defendants' motion show that the Bankruptcy Court converted the action and discharged Sweeney pursuant to a Chapter 7 Order which "discharged Debtor of the legal obligation to pay the loan." (*Id.* at 14). Defendant claims that the Chapter 7 Order did not discharge the underlying Deed of Trust security interest, "eliminating Debtor's interests and rights to the property." (*Id.*).

Defendant further alleges that it continued to inform Plaintiffs about possible loss mitigation options and homeownership counseling services in 2019, after the Chapter 7 Order was

---

[1] Plaintiffs did not respond to Defendant's Motion for Summary Judgment, and Plaintiffs' Original Petition does not provide a comprehensive factual summary. As a result, the Court relies primarily on Defendant's characterization of the facts at issue here. After deciding to proceed *pro se*, Plaintiffs filed an Amended Petition (Doc. No. 22) alleging that Defendants "produced documents revea [sic] specific violations of Chapter 18 U.S. Code § 1341, violations of the Fair Debt Collection Practices Act (hereafter FDCPA) and violations of the CARES Act (hereafter CARES Act)." The Court notes that Plaintiffs did not meet the requirements of Rule 15(a)(1) for amendment as a matter of course and failed to seek leave to file an amended complaint under Rule 15(a)(2). Accordingly, the Court has stricken Plaintiffs' Amended Petition (Doc. No. 22). Plaintiffs' Original Petition remains the operative complaint.

2

entered. Based on the record before the Court, it appears that Defendant attempted to contact Plaintiffs several times over the ensuing year. In January 2021, Defendant alleges that it sent Plaintiffs a letter which approved eligibility for another modification of the Loan, but Plaintiffs failed to respond. In February of that year, Defendant sent a letter with an attached "Loss Mitigation Agreement," which Defendant alleges that Plaintiffs returned unsigned with handwritten revisions. (*Id.* at 16). Eventually, after several more communications, Defendant served Plaintiffs with a Notice of Acceleration of the Loan and a Notice of Substitute Trustee's Sale in November 2021.

Plaintiffs allege in their Original Petition that "prior to sending this letter, the Defendant did not provide a notice of default, and did not give the Plaintiffs an opportunity to cure before accelerating the note and scheduling the property for a trustee sale." (Doc. No. 1-5 at 2).

In December 2021, Plaintiffs filed an action in Harris County District Court seeking temporary and permanent injunctive relief halting the proposed foreclosure sale and a declaratory judgment "specifying Plaintiff and Defendants' rights and duties in connection with the Deed of Trust and the underlying Note." (Doc. No. 1-5). Plaintiffs were granted a temporary restraining order in Harris County District Court halting the sale. (Doc. No. 1-6). In January 2022, Defendant removed the action to this Court. Defendant now moves for summary judgment, alleging that Plaintiffs' claims fail as a matter of law and that there is no genuine issue of material fact that Defendant complied with the statutory notice requirements for the foreclosure sale. Ultimately, Defendants argue that Plaintiffs are not entitled to any declaratory or injunctive relief, nor are they entitled to any damages for breach of contract (assuming Plaintiffs' Petition is construed to assert a breach of contract claim). (Doc. No. 25 at 36-38).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the Judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

4

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Since granting summary judgment based solely on the local rules and Defendant's failure to respond would be improper, this Court will address the merits of the motion.

### III. Discussion

As a preliminary matter, the Court will consider which causes of action are actually asserted in Plaintiffs' Original Petition. The first cause of action is listed as "No Notice of Default/No Notice of Acceleration." (Doc. No. 1-5). Under that heading, Plaintiffs assert that "due to the dispute over the amount allegedly due, and the Defendant's failure to provide sufficient notice for the pending foreclosure, the Plaintiffs file a declaratory judgment lawsuit and seek[] injunctive relief to avoid irreparable harm." (*Id.* at 4). Plaintiffs then request declaratory relief and temporary and permanent injunctive relief.

The Court will first consider whether Defendant is entitled to summary judgment on Plaintiff's claims for injunctive and declaratory relief based on their allegation that Defendant failed to provide adequate notice under the Texas Property Code in advance of the proposed foreclosure sale.

#### A. Wrongful Foreclosure Action

First, Plaintiff's Original Petition alleges that Defendants did not provide Plaintiffs with the proper notice of default to give them an opportunity to cure prior to the attempted foreclosure. Next, Plaintiffs allege that "Defendant has not provided Plaintiff with the proper credits toward the mortgage, and thus any alleged default amount would be in dispute." (Doc. No. 1-5 at 4). Plaintiffs allege that they made "repeated efforts to resolve the dispute with the Defendant, but

5

Defendant would not provide an accurate accounting and refused to sufficiently communicate with the Plaintiffs to seek a resolution." (Doc. No. 1-5 at 4). Plaintiffs further claim that Defendant's notice of trustee's sale was deficient in failing to include the "name of the sender" pursuant to Section 51.002(i).[2]

This case was removed to federal court based on diversity jurisdiction, so the Court will apply the substantive laws of the State of Texas to analyze whether summary judgment is appropriate. *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017). Federal courts in Texas have construed claims under Section 51.002 to fall under the umbrella of wrongful foreclosure claims. *Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-CV-810, 2013 WL 3807756 at *4 (S.D. Tex. July 19, 2013) (citing *Hill v. Wells Fargo Bank, N.A.*, No. V–12–11, 2012 WL 2065377, at *7–8 (S.D.Tex. June 6, 2012) (Rainey, J.); *Bittinger v. Wells Fargo Bank NA*, No. H–10–1745, 2011 WL 3568206, at *4–5 (S.D.Tex. Aug.15, 2011) (Rosenthal, J.). To prevail on a wrongful foreclosure claim, Plaintiffs must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster*, 848 F.3d at 406 (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi–Edinburg 2008, no pet. 2008)) (internal quotation marks omitted). "A party cannot state a claim for wrongful foreclosure if the party never lost possession of the Property." *Foster*, 848 F.3d at 406 (citation omitted) (internal quotation marks omitted).

---

[2] Section 51.002(i) provides that: "Notice served on a debtor under this section ***must state the name and address of the sender of the notice*** and contain, in addition to any other statements required under this section, a statement that is conspicuous, printed in boldface or underlined type, and substantially similar to the following: 'Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.'" Tex. Prop. Code Ann. § 51.002(i) (emphasis added).

6

Here, Defendant claims that Plaintiffs have never lost possession of their property, and Plaintiffs failed to respond. Indeed, the Court assumes that no foreclosure sale has taken place given that the state court granted Plaintiffs' Temporary Restraining Order. (Doc. No. 1-6). Since Plaintiffs did not lose possession of their property, their wrongful foreclosure claim (and corresponding claims under Section 51.002) fails as a matter of law.

### B. Breach of Contract

Plaintiffs do not explicitly assert a breach of contract action in their Original Petition. (Doc. No. 1-5). Nonetheless, "Plaintiff[s] may intend to assert a breach of contract claim within [their] claim for wrongful foreclosure." *Ashton*, 2013 WL 3807756 at *4. To prevail on a breach of contract claim, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). This claim, if asserted, would fail simply because Plaintiffs have failed to show any damages resulted from the attempted foreclosure. Indeed, where a foreclosure has not occurred, a plaintiff cannot establish damages for breach of contract based on failure to give adequate notice of foreclosure proceedings. *McElroy v. HSBC Bank USA*, N.A., No. 420CV00251ALMCAN, 2021 WL 708613 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted*, No. 4:20-CV-251, 2021 WL 694221 (E.D. Tex. Feb. 23, 2021) (citing *Juarez v. Wells Fargo Bank, N.A.*, No. SA-19-CV-01081-XR, 2020 WL 5709258, at *7 (W.D. Tex. Sept. 23, 2020)). Since Plaintiffs have failed to show any damages resulted from the attempted foreclosure, their breach of contract claim must fail.[3]

---

[3] Plaintiffs are not the prevailing party, and as such, Plaintiffs also cannot recover attorney's fees. *See Billiter v. Cent. Mortg. Co.*, No. CIV.A. H-14-663, 2015 WL 867443 (S.D. Tex. Feb. 17, 2015).

7

### C. Declaratory Judgment and Injunctive Relief

In their Original Petition, Plaintiffs seek a declaratory judgment "specifying Plaintiff and Defendant's rights and duties in connection with the Deed of Trust and the underlying Note." (Doc. No. 1-5 at 5). The federal Declaratory Judgment Act is "merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. CIV.A. H-12-1448, 2012 WL 3187918 at *7 (S.D. Tex. Aug. 2, 2012), aff'd, 586 Fed. Appx. 631 (5th Cir. 2013). Since the Court has already found that Plaintiffs have failed to state a cause of action for wrongful foreclosure or breach of contract, there is no present controversy between Plaintiffs and Defendant and any request for declaratory judgment "must fail." *Id.*

Moreover, "the same principle applies to Plaintiffs' claims for injunctive relief." *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838 (S.D. Tex. 2018). Plaintiffs' underlying claims for wrongful foreclosure (and breach of contract, if asserted) fail as a matter of law. As a result, Plaintiffs' claims for injunctive relief, which do not have a cause of action supporting entry of a judgment, must be dismissed. *Id.* (citing *Payrovi v. Wells Fargo Bank, NA*, No. 4:17-CV-2480, 2017 WL 4950066, at *3 (S.D. Tex. Oct. 31, 2017)) (internal quotation marks omitted).

For the reasons outlined above, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment in its entirety. (Doc. No. 25).

Signed at Houston, Texas, on this the 21st day of February, 2024.

Andrew S. Hanen
United States District Judge